## Albert H. Schuck, Appellant, *v.* The City of Reading; Jacob Weidel, Mayor; Ferdinand Goetz, Jerome L. Boyer, James L. Douglas and George Eltz, Members of the Board of Public Works; Adam H. Leader, Controller; Henry G. Young, Treasurer of the City of Reading, and the Pennsylvania Asphalt Paving Company.

*Municipalities—Paving contract—Preliminary injunction—Asphalt.*

A preliminary injunction will not be granted to restrain the authorities of a city from awarding a contract for asphalt paving on the ground that the competition was limited to two kinds of asphalt only, where the proof shows that the bidding was competitive without any arrangement or understanding of any kind between the bidders, and that there was no fraud or collusion between the city officials and the successful bidder.

Argued Feb. 28, 1898. Appeal, No. 378, Jan. Term, 1897, by the city of Reading et al., from decree of C. P. Berks Co., equity docket, 1897, No. 690, refusing preliminary injunction. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Bill in equity by a taxpayer upon real estate for an injunction to restrain a city of the third class from the performance of an alleged illegal contract for street paving.

The facts appear by the opinion of ERMENTROUT, P. J., refusing a preliminary injunction, which was as follows:

By unanimous action of the city councils and the city authorities certain portions of Perkiomen avenue and Fifth street are to be paved with asphalt. The municipal ordinance of August 16, 1897, prescribed a "so-called Trinidad Pitch Lake Asphalt or Bermudez Asphalt" as the material. The ordinance having prescribed the kind of asphalt desired, the board of public works advertised for this only, obtained bids, and the contracts for the work have now been entered into.

The object of the law, and the ordinance passed in pursuance thereof, regulating the awarding of public contracts, is to secure to the city the benefit and advantage of fair and just competition between the bidders, and at the same time close every avenue to favoritism and fraud in its varied forms: Mazet v. Pittsburg, 137 Pa. 561.

I am asked to restrain the carrying out of the contract on the ground of illegality, fraud and collusion between the bidders and the city, whereby fair and just competition was prevented and destroyed. The bill is filed by a taxpayer, and the affidavit of one Jasper Jackson is submitted as the injunction affidavit required by law. The object of such affidavit is the support of the plaintiff's allegations, under oath, by one who has some knowledge of the facts alleged. The affidavit filed does not allege the affiant's means of knowledge of the facts to which he swears, and there is nothing in its terms to indicate, either by his official character or the nature of his employment, that he has any special information upon the subject. The affidavit of Mr. J. H. Mack, filed on behalf of the defendant, denies all collusion whatever, negatives any alleged fraud or collusion on the part of the defendant with any one, and is a specific denial of the facts set forth in the affidavit of Mr. Jackson, as well as those in the bill. Mr. Mack is president of the company, and, therefore, appears as one who must necessarily be cognizant of the facts to which he swears.

I do not propose at this time to discuss the legal questions

raised.   Primarily, the authority given councils to pave our streets, gives them full discretion, save as curtailed or controlled by law, to select the kind of material they may think proper and advantageous.   Their powers to do so ought not to be controlled or affected by implication or doubtful inference, or strained construction of acts of assembly : In re Dugro, 50 N. Y. 513.

To enjoin the action taken will be to delay the contemplated improvements at least until the coming spring.   In view of the unanimity of action on the part of the city authorities, we should not be asked to enjoin without the clearest kind of a case of illegality warranting and compelling interference.   Otherwise, to regulate, hinder, delay or control their legislative action would be an unbecoming species of government by injunction. Were the contract clearly shown to be the offspring of fraud, illegality or fraudulent collusion, it would be our duty, in the interest of the taxpayers, to interfere with all the power the law affords.   So far as the city authorities are concerned, the affidavit filed by the plaintiff does not charge them with fraud or collusion, and in this respect fails to support the plaintiff's bill. So far as the Pennsylvania Asphalt Company is concerned, its president, by affidavit, denies every allegation that the bill contains, in any way of a serious or compromising character.

The only Pennsylvania case alleged to bear specifically upon the case is that of Carroll v. City of Philadelphia, 183 Pa. 55. It was expected, that, in their opinion, they would throw light upon the questions sought to be raised in the bill by plaintiff. I have received a copy of the decision but find it is simply a decree of reversal of the court below for granting the injunction against the city.   No reason is assigned for their action.

The facts of that case were, inter alia, that by ordinance the paving material prescribed to be used was Sheet Lake Asphalt. The director of public safety, in advertising for proposals, went beyond the ordinance, and in the specifications required that " the Lake Asphalt should be composed of refined Trinidad or Bermudez Lake Asphalt, obtained from the so-called Pitch Lake or Asphalt Lake in the Island of Trinidad, or from Bermudez, South America; or from Lake Asphalt, which in quality and durability would be equal to the standard of the Lake Trinidad or Bermudez."   The court below held that neither the standard

of Trinidad or Bermudez was fixed; that the director had no right in the proposals "to impose limitations in the specifications by setting up a standard with a double head in that he limits the standard to the two grades of Trinidad and Bermudez, which invokes a standard which is quite variable and in result limits the bid of parties who control those two classes of asphalt." The court below granted the injunction asked for. The Supreme Court reversed the action of the court below, thereby establishing that the injunction, under the circumstances, was improperly issued.

The Philadelphia case, if anything, presents stronger features than the present. Fraud and collusion being positively denied, I deem it unnecessary, under existing conditions, to award the injunction prayed for.

And now, to wit: October 20, 1897, this cause came on further to be heard, whereupon it is ordered, adjudged and decreed that the preliminary injunction be denied.

*Error assigned* was decree of the court.

*Cyrus G. Derr* and *M. W. Van Auken*, for appellant, cited Dean v. Charlton, 23 Wis. 590; Boon v. Utica, 26 N. Y. Sup. 932; Larned v. City of Syracuse, 44 N. Y. Sup. 857; Nicolson Pavement Co. v. Painter, 35 Cal. 699; Hobart v. Detroit, 17 Mich. 246; 1 Dillon on Municipal Corporations, sec. 468.

*William J. Rourke*, city solicitor, with him *Rourke & Heinly*, for the city of Reading, cited Com. v. Mitchell, 82 Pa. 350; Findley v. City of Pittsburg, 82 Pa. 351; Douglass v. Com., 108 Pa. 563; American Pavement Co. v. Wagner, 139 Pa. 623; Interstate Vitrified Brick & Paving Co. v. Philadelphia, Mack Paving Co., 164 Pa. 477; Reuting v. Titusville, 175 Pa. 512; Carroll v. Philadelphia, 183 Pa. 55; Mayor, etc., of Newark v. Bonnel, 31 Atl. Rep. 408; In re Dugro, 50 N. Y. 513.

*Philip S. Zieber*, with him *Jefferson Snyder* and *Geo. F. Baer*, for the Pennsylvania Asphalt Paving Company, cited Com. v. Mitchell, 82 Pa. 343; American Pavement Co. v. Wagner, 139 Pa. 623; Reuting v. Titusville, 175 Pa. 512; Interstate Vitrified Brick & Paving Co. v. Philadelphia, Mack Paving Co., 164 Pa.

477; Harlem Gas Co. v. City of N. Y., 33 N. Y. 309; Hobart v. Detroit, 17 Mich. 246; Mulrein v. Kalloch, 61 Cal. 522; Carroll v. Philadelphia, 183 Pa. 55.

OPINION BY MR. JUSTICE FELL, May 23, 1898:

The only question presented by the record is whether a preliminary injunction to restrain the municipal authorities from doing any act to give effect to a contract for street paving was properly refused. The power of the city to contract and the regularity of the proceedings by which the contract in question was authorized were not challenged by the bill. The ground on which the application for an injunction was based was that the specifications limited the material to be used for street paving to two kinds of asphalt which were owned and controlled by a monopoly, while there were other kinds of asphalt in the market equally good. In reviewing the action of courts of common pleas in granting or refusing preliminary injunctions, our rule is to consider only the question presented, whether a preliminary injunction under the circumstances of the particular case should have been granted or refused, and not to pass upon matters affecting the general merits of the controversy until they are presented after final hearing and decree.

In this case there was no evidence whatever of fraud or collusion between the city officials and the successful bidder. The specifications opened the doors to competition for the two kinds of asphalt which the councils in the exercise of their discretion considered best adapted to the needs of the city, and excluded only those differing in kind, which they did not want. There was competitive bidding, and the allegation in the bill, which was based upon inference only, that the bidders for the work were not in fact competitors, but were parties to a plan by which a monopoly was secured to each in certain districts, was met by distinct proof that there was no arrangement or understanding of any kind between them. We do not suggest that proof that the materials required by the specifications were controlled by a monopoly would have justified any action by the court. On the case presented at the hearing there was no ground for its intervention.

The decree is affirmed.